



RECEIVED AUG 0 8 2012 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.
RECEIVED JUL 16 2012 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.
RECEIVED JUN 28 2012 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.

AO 241 (Rev. 10/07)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Anchorage |
|---|---|
| Name (under which you were convicted): Jesse Patrick Lockuk | Docket or Case No.: 3:12-cv-00163 SLG-DMS |
| Place of Confinement: Hudson Correctoinal Facility | Prisoner No.: 453336 |
| Petitioner (include the name under which you were convicted) Jesse Patrick Lockuk | v. Respondent (authorized person having custody of petitioner) Commissioner of Alaska D.O.C. and H.C.F. Warden Joe Driver |
| The Attorney General of the State of Alaska | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    In the Superior Court for the State of Alaska, Third Judicial District at Dillingham.

    (b) Criminal docket or case number (if you know): Superior Court Case # 3DI-S02-500 Cr.

2. (a) Date of the judgment of conviction (if you know): November 13, 2003

    (b) Date of sentencing: May 31, 2005

3. Length of sentence: 60 years with 30 susprnded and ten years of probation

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    AS 11.41.110 murder in the second degree

6. (a) What was your plea? (Check one)

    ☐ (1) Not guilty      ☒ (3) Nolo contendere (no contest)

    ☐ (2) Guilty          ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: In the Court of Appeals of the State of Alaska

(b) Docket or case number (if you know): Court of Appeals Case # A-09321

(c) Result: No. 5134. The judgement of the superior court is AFFIRMED.

(d) Date of result (if you know): November 15, 2006

(e) Citation to the case (if you know):

(f) Grounds raised: Criminal Merit Appeal. The trial court erred in: 1.) not allowing the withdrawl of the defendant/appellant's plea. 2.) not appointing new counsel when requested by defendant prior to entering plea. Criminal Sentence Appeal. The trial court erred in: 1.) not allowing the withdrawl of defendant/appellant's plea. 2.) entering an excessive sentence. 3.) failing to consider mitigation factors in sentencing. 4.) allowing the state to argue aggravating factors without proper notice to the defense. Office of Public Advocacy: A. The trial court abused its discretion when it denied Mr. Lockuk's request to withdraw his plea. B. The superior court improperly took extra-judicial facts at sentencing.

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: In the Supreme Court of the State of Alaska

(2) Docket or case number (if you know): Supreme Court Case # S-12511

(3) Result: It is ordered. The Petition for Hearing is Denied.

(4) Date of result (if you know): January 12, 2007.

(5) Citation to the case (if you know):

(6) Grounds raised: The Court of Appeals erred when it upheld the Superior Court's denial of Mr. Lockuk's request to withdraw his plea.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: In the Superior Court for the State of Alaska, Third Judicial District at Dillingham

(2) Docket or case number (if you know): Superior Court Case # 3DI-07-189 CI

(3) Date of filing (if you know): October 12. 2007

(4) Nature of the proceeding: Pro Se Application for Post Conviction Relief

(5) Grounds raised: Criminal Rule 35.1 (a)(1),(6),(8). August 4, 2008- Amended Application for Post Conviction Relief by adding the claim that Mr. Lockuk received the Ineffective Assistance of Counsel by his former attorney, Sean Brown, Esq. pursuant to AS 12.72.010 (8) & (9).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes ☐ No

(7) Result: Denied.

(8) Date of result (if you know): January 19, 2010

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: In the Court of Appeals of the State of Alaska

    (2) Docket or case number (if you know): Court of Appeals Case # A-10662/10692

    (3) Date of filing (if you know): February 09, 2010

    (4) Nature of the proceeding:

    (5) Grounds raised: Criminal Rule 11(h)(2), Rule 45., AS 22-07-020(a)2, AS 22.07.020(d).  1.) The trial court incorrectly analyzed the issue of the existence of a fair and just reason for plea withdrawl, resulting a clearly erroneous findings and as abuse of the courts discretion.  2.) Sean Brown rendered Ineffective Assistance of Counsel.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

    (7) Result: The judgement of the Superior Court is Arrirmed.

    (8) Date of result (if you know): No. 5813-March 07, 2012

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: In the Supreme Court for the State of Alaska

    (2) Docket or case number (if you know): Supreme Court Case # S-14681

    (3) Date of filing (if you know): April 23, 2012

    (4) Nature of the proceeding:

    (5) Grounds raised: Alaska Appellate Rules 304(a) & 304(d)
1.) The trial court incorrectly analyzed the issue of the existence of a fair and just reason for plea withdrawl, resulting a clearly erroneous findings and an abuse of the courts discretion.  2.) Sean Brown rendered Ineffective Assistance of Counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: The Petition for Hearing is Denied.

(8) Date of result (if you know): June 01, 2012

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No
(2) Second petition:  ☒ Yes   ☐ No
(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Pursuant to Article 1, §§ 8 & 9 of the United States Constitution, I'm exercising Amendments 14 § 1, 5, 6, to procedurally cure a violation of Amendment 8 to the United States Constitution. Restraint of liberty is of constitutional magnitude, in violation of the Law and Constitution of the United States.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Sentenced to 60 years with 30 suspended and ten years of probation. Sentencing Superior Court Judge sealed sentence contrary to the information that amended the indictment.

(b) If you did not exhaust your state remedies on Ground One, explain why: On 6-28-05, Attorney Susan Mitchell filed Notice of: Criminal Merit Appeal and Criminal Sentence Appeal: 2 of 4: The trial court erred in entering an excessive sentence. The Office of Public Advocacy handled Court of Appeals Case # A-09321. I don't recall Attorney Dan Bair ever giving a reason as to why the Criminal Sentence Appeal got discontinued.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Attorney Susan Mitchell's Notice of Criminal Sentence Appeal and Criminal Merit Appeal were not carried out by the Office of Public Advocacy.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Alaska

Type of motion or petition: Pro Se application for post conviction relief.

Name and location of the court where the motion or petition was filed: In the Superior Court for the State of Alaska, Third Judicial District at Dillingham.

Docket or case number (if you know): 3DI-07-189 CI

Date of the court's decision: 11-28-07, 1-19-10

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Attorney Glenda Kerry believed that my best chance of success with post convictoin relief was to argue that Attorney Sean Brown rendered ineffective assistance of counsel.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Pro Se application for post conviction relief, Prisoner request for filing fee exemption.

**GROUND TWO:** Pursuant to Article 1, §§ 8 & 9 of, the United States Constitution, I'm exercising Amendments 14 § 1, 5, 6, to procedurally cure a violation of Amendment 14, § 1 to the United States Constitution. Restraint of liberty is of constitutional magnitude, in violation of the Law and Constitution of the United States.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Attorney Sean Brown did not obtain affidavits, nor attempt to explore the breakdown in the attorney client re-lationship, and did not offer the judge with discernible evidence. On 9-27-04 Mr. Wolfe:" Okay, and as the Court does note, since the defense has failed to obtain affidavits from defense counsel ineffective is not—they have not shown ineffective assistance of counsel." The Court, in part:"And today I'm presented with nothing. I mean there's no evidence in front of me." The judge had no basis to justify plea withdrawl. Affidavit of Steve Wells, dated 7-10-8 #7, in part :"I would have informed him that there had been a substantial breakdown in the attorney client relationship between me and Mr. Lockuk." Mr. Wells on 1-7-10, as transcribed:" This is not a case that I would want to try."

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state: Alaska

   Type of motion or petition: Amended application for post conviction relief

   Name and location of the court where the motion or petition was filed: In the Superior Court for the State of Alaska, Third Judicial District at Dillingham

   Docket or case number (if you know): 3DI-07-189 CI

   Date of the court's decision: 1-19-10

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: Alaska

Name and location of the court where the appeal was filed: In the Court of Appeals for the State of Alaska

Docket or case number (if you know): Court of Appeals Case # A-10662/10692

Date of the court's decision: No.-5813  3-7-12

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two : Pro Se motion to withdraw plea 12-23-03. United States Department of Justice DJ 168-06-0/227162

**GROUND THREE:** Pursuant to Article 1, §§ 8 & 9 of, the United States Constitution, I'm exercising Amendments 14, § 1, 5, 6, to procedurally cure a violation of Amendment 8 to the United States Constitution. Restraint of liberty is of constitutional magnitude, in violation of the law and Constitution of the United States.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Neither Steve Wells nor Paul Canarsky disclosed pertinent Rule 16 discovery of exculpatory nature. Thus denying me an adequate opportunity to effectively utilize the medical records. Before 5-31-5 sentencing Judge Torrisi vacated a prior sentence date authorizing defense counsel to duly ascertain newly discovered evidence. Mitigation was found, bearing evidence which raised and merits exculpation. The detrimental and prejudicial effect of Judge Torrisi's gross failure to exercise judicious consideration on established mitigation factors, conveys a contravention of our current United States Constitution and analogous state/federal laws.

(b) If you did not exhaust your state remedies on Ground Three, explain why? On 6-28-5, Attorney Susan Mitchell filed Notice of: Criminal Merit Appeal and Criminal Sentence Appeal: 3 of 4: The trial court erred in failing to consider mitigation factors in sentencing. The Office of Public Advocacy handled Court of Appeals Case # A-09321. I don't recall Attorney Dan Bair ever giving a reason as to why the criminal Sentence Appeal got discontinued.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Pro Se application for post conviction relief. Attorney Susan Mitchell's Notice of Criminal Sentence Appeal and Criminal Merit Appeal were not carried out by the Office of Public Advocacy.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Alaska

Type of motion or petition: Pro Se application for post conviction relief

Name and location of the court where the motion or petition was filed: In the Superior Court for the State of Alaska, Third Judicial District at Dillingham

Docket or case number (if you know): 3DI-07-189 CI

Date of the court's decision: 1-19-10

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Attorney Glenda Kerry believed that my best chance of success with post conviction was to argue that Attorney Sean Brown rendered ineffective assistance of counsel.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Pro Se application for post conviction relief. Prisoner request for filing fee exemption.

**GROUND FOUR:** Pursuant to Article 1, §§ 8 & 9 of, the United States Constiuton, I'm exercising Amendments 14 § 1, 5, 6, to procedurally cure a violation of Amendments 5, 6, 14 § 1 to the U.S. Constitution. Restraint of liberty is of constitutional magnitude, in violation of the Law and Constitution of the United States.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): My long ordeal with the Alaska Public Defender Agency, compounded with no distinguihable judicious intervention, impeded my Defenses. I have diligently claimed about State Court Officials' misfeasence, nonfeasence, Malfeasence in the best way I could absent legal knowledge. The Honorable Judge Fred Torrisi's flagrant refusal to canvass my April 2003 request for the removal of Steve Wells as lead defense counsel, greatly inhibited applicable Amendments 14 § 1, 5, 6 to the United States Constitution. The Dillingham Superior Court having jurisdiction of case # 3DI-S02-500 Cr. , arised, in part, Amendment 13 § 1 of, the United States Constitution. My Defense had been dictated beyond my control, especially with the intricacies and complexities involved.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Alaska

Type of motion or petition: Amended application for post conviction relief

Name and location of the court where the motion or petition was filed:
In the Superior Court for the State of Alaska, Third Judicial District at Dillingham

Docket or case number (if you know): 3DI-07-189 CI

Date of the court's decision: 1-19-10

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: Alaska

Name and location of the court where the appeal was filed: In the Court of Appeals for the State of Alaska

Docket or case number (if you know): Court of Appeals Case # A-10662/10692

Date of the court's decision: No. 5813  3-7-12

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: Barbra Brinck, Alaska Public Defender Agency in Anchorage. The Dilligham Superior Court. The Alaska Native Justice Center. The Alaska Bar Association. The Alaska Commission on Judicial Conduct. The United States Department of Justice. The Alaska Court of Appeals. The Alaska Supreme Court.

13. Please answer these additional questions about the petition you are filing:

 (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☒ No

 If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Grounds one and three, Attorney Glenda Kerry believed that my best chance of success with post conviction relief was to argue that Attorney Sean Brown rendered ineffective assistance of counsel.

 (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Steve Wells, Dillingham Public Defender Agency. Paul Canarsky, Fairbanks Public Defender Agency.

   (b) At arraignment and plea: No attorney on 11-24-02. 12-24-02, Mrs. ? , out of Anchorage. Steve wells and Paul Canarsky.

   (c) At trial:

   (d) At sentencing: Susuan Mitchell, Angstman Law Office.

   (e) On appeal: Susan Mitchell. Dan Bair, Office of Public Advocacy.

   (f) In any post-conviction proceeding: Pro Se. Glenda Kerry, Office of Public Advocacy.

   (g) On appeal from any ruling against you in a post-conviction proceeding: Glenda Kerry, Law Office of Glenda J. Kerry, P.O. Box 1604, Girdwood, Ak 99587.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 10/07)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Current conviction to be Reversed as a matter law. The State of Alaska to enter a nolle prosequi. Jesse Lockuk to receive release from unlawful imprisonment as a matter of law. State Court Officials to be held liable for causing structural impediments to our current United States Constitution and analogous state and federal laws. Punitive damages or applicable damages.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    **6-25-12**    (month, date, year).

Executed (signed) on    **6-25-12**    (date).

*Jesse P. Lockuk*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Lockuk
336
n Correctional Facility
N. Juniper St.
, CO 80642



United States District Court
for the District of Alaska
   Clerk of Court
222 W. 7th Ave., #4
Anchorage, Alaska  99513-7564